UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| IN RE: ) | |
| LEE OLIN AXDAHL ) | ADV. NO. 10-_____ |
| LENNIS MARY AXDAHL ) | |
|       Debtors-Plaintiffs, ) | Bankr. File No.  05-30172 |
|       *** ) | |
| ) | **ADVERSARY COMPLAINT** |
| ROBERT MORGAN, ) | |
| TODD MORGAN, and ) | |
| BROADCAST MUSIC, INC. ) | |
| ) | |
|       Creditor-Defendant. ) | |

Debtors-Plaintiffs Lee Olin Axdahl and Lennis Mary Axdahl, hereinafter referred to collectively as "Axdahls", by and through their counsel, Brian L. Utzman, Smoot & Utzman, P.C., allege the following as their Adversary Complaint against Creditor-Defendants Robert Morgan, of 3608 So. Marson Manor Circle, Sioux Falls, SD 57103-4724, Todd Morgan, of 504 E. Main St., Pipestone, MN 56164-2144 or 1146 U. S. Hwy. 75, Pipestone, MN 56164-3231, and Broadcast Music, Inc., a New York corporation, of 320 W. 57th Street, New York, NY 10019-3790 ("BMI"), hereinafter referred to collectively as "Creditors".

**ALLEGATION OF JURISDICTION**

1. Jurisdiction is grounded upon the existence of a federal question. This action arises under the United States Bankruptcy Code, particularly 11 U.S.C. § 523(a)(3), to determine the dischargeability of certain debts owed to Creditors that were scheduled only under the name of the Creditors' legal counsel rather than the Creditors' names. Only the Creditors' legal counsel were included in the mailing matrix.

**CAUSE OF ACTION**

2. This Adversary proceeding is being commenced to determine if the debts owed to Creditors, Robert Morgan, Todd Morgan and BMI, which debts were scheduled only under the name of the Creditors' legal counsel rather than the Creditors' names, are dischargeable under 11 U.S.C. § 523 (a)(3). Below is a brief description of the debt including purpose, account number or file number, and amount owed:

    a)     Robert Morgan, of 3608 So. Marson Manor Circle, Sioux Falls, SD 57103, and Todd Morgan, of 504 E. Main St., Pipestone, MN or 1146 Hwy. 75, Pipestone, MN, lent money to Debtor Lee Axdahl's for business purposes. Debtor Lee Axdahl owned a radio station located in Sioux Falls, South Dakota. Robert Morgan and Todd Morgan are owed $737,008.30; a judgment has entered in favor of Robert Morgan and Todd Morgan and against Debtor Lee Axdahl, Kirkwood Broadcasting, Inc. and La Media, Inc. in that amount. Judgment was entered, on July 16, 2004, in the Circuit Court, Second Judicial Circuit, Minnehaha County, South Dakota, File No., CIV04-25. A transcript of this judgment was filed in Hughes County, South Dakota; and

    b)     BMI is owed music license fees for music broadcasted by Debtor Lee Axdahl's radio station located in Sioux Falls, South Dakota. BMI is owed $40,609.06; judgment has entered against Debtor Lee Axdahl in that amount. Judgment was entered in the Supreme Court of the state of New York. A foreign judgment filing action was commenced, on August 5, 2003, in the Circuit Court, Second Judicial Circuit, Minnehaha County, South Dakota, File No., CIV04-830; judgment entered in this action on May 20, 2004.

3. Even though these debts were scheduled under the name of the Creditors' legal counsel in the Debtor's bankruptcy schedules and mailing matrix, rather than the Creditors' names, they should be discharged. These debts were not scheduled in the Creditors' name, because of an oversight. Debtors filed their bankruptcy case pro se.

4. This was a limited asset Chapter 7 bankruptcy case. The Bankruptcy Estate has an interest in Axdahls' federal income tax refunds for several tax years. Chapter 7 Trustee John S. Lovald ("Trustee") filed a Motion for Sale of Property under 11 U.S.C. § 363(b) (Doc. No. 59). This

Court approved this Motion on June 9, 2008 (Doc. No. 61).  Axdahls are paying Trustee $5,959.88 under this Motion.  Trustee has also recovered $6,411.24 on a promissory note owed to Axdahls.  Notice of need to file proof of claims went to Creditors' counsel on or about May 25, 2006.  Other creditors have filed proof of claims totaling $356,791.46.  The Creditors would have received a very small percentage of their proof of claims had their legal counsel timely filed proof of claims on their behalf.   Axdahls are willing to pay the Creditors the same percentage the other creditors were paid on their proof of claims, if this Court deems it necessary for them to do so.

5.  Axdahls did not acquire any property through fraud or false pretenses, as defined by 11 U.S.C.§ 523(a)(2)(A).

6.  Neither a creditor nor the Trustee have filed an objection to Axdahls's valuation of their property.

7.  Axdahls discovered that Robert Morgan's, Todd Morgan's and BMI's debts were scheduled only under the name of the Creditors' legal counsel rather than the Creditors' names after this Court's Order of Discharge was entered on February 15, 2006.

**WHEREFORE,** Axdahls respectfully requests that this Court enter an order discharging the debts owed to Robert Morgan, Todd Morgan and BMI for the reasons stated herein.

Dated this 2nd day of April, 2010.

SMOOT & UTZMAN, P.C.


 /s/ Brian L. Utzman
Brian L. Utzman
Attorney for Debtor-Plaintiff
550 North Fifth Street, Third Floor
Rapid City, SD 57709
(605) 343-1808